IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LOUIS F. ORTENZIO, JR., M.D. and
his wife, DONETTA ORTENZIO,

    Plaintiffs,

v.                                            Civil Action No. 1:06CV179
                                                                                     (STAMP)

ELI LILLY AND COMPANY,
TOM M. BAILEY, CHRISTOPHER A. GEORGE,
DAVID W. AVERY, DOES 1 THROUGH 10,
being those persons, sales representatives,
firms or corporations whose fraud, scheme
to defraud, negligence and/or wrongful
conduct caused or contributed to plaintiffs'
injuries and damages and PATRICIA WILLIAMS,

    Defendants.


**ORDER GRANTING DEFENDANT
ELI LILLY AND COMPANY'S MOTION TO STAY,
DEFERRING RULING ON PLAINTIFFS' MOTION TO REMAND AND
DIRECTING THE PARTIES TO INFORM THIS COURT OF
ANY ORDER REGARDING OMNIBUS MOTION TO REMAND
OR ANY OTHER MATTER THAT MAY AFFECT THIS COURT**

I.   Procedural History

The defendant, Eli Lilly and Company, filed a motion to stay all proceedings in this civil action pending a decision on transfer to the Judicial Panel on Multidistrict Litigation ("JPML"). A multidistrict litigation proceeding styled <u>In Re: Zyprexa Products Liability Litigation</u>, MDL No. 1596, has been established in the United States District Court for the Eastern District of New York to coordinate federal product liability actions involving Zyprexa. The plaintiffs, Louis F. Ortenzio, Jr., M.D. and Donetta Ortenzio, filed a motion in opposition to Eli Lilly and Company's motion to stay. Specifically, the plaintiffs argue that this Court is in a

better position than the JPML to resolve the issues of West Virginia law and that the mere fact that a case may be subject to transfer to the JPML does not deprive this Court of jurisdiction to consider a motion to remand. Thus, the plaintiffs request that this Court deny Eli Lilly and Company's motion to stay and proceed to determine the merits of the plaintiffs' motion to remand.[1] Eli Lilly and Company filed a reply memorandum in support of its motion to stay.

This civil action was transferred to the United State District Court for the Eastern District of New York on March 1, 2007.

After a review of the applicable law as well as the memoranda in support of and in opposition to Eli Lilly and Company's motion to stay, this Court finds that Eli Lilly and Company's motion to stay must be granted and this Court must defer ruling upon the plaintiffs' motion to remand.

## II. Discussion

Under Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, www.jpml.uscourts.gov/PanelRules_4-2-01.PDF, a transfer pursuant to 28 U.S.C. § 1407 shall be effective when the transfer order is filed in the clerk's office of the district court of the transferee district. As stated above, this

---

[1] The plaintiffs filed a motion to remand in this civil action on January 17, 2007. This Court understands that the plaintiffs have also filed an omnibus motion to remand in the JPML case before the Honorable Jack B. Weinstein.

2

case was transferred to the United States District Court for the Eastern District of New York on March 1, 2007.

This Court recognizes that one of the important functions of a transfer to the JPML pursuant to 28 U.S.C. § 1407(a) is to "further judicial economy and to eliminate the potential for conflicting pretrial rulings." See Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804 (N.D. Cal. 1998)(citing Weigel, The Judicial Panel on Multidistrict Litigation, 78 F.R.D. 575 (1978)). This Court finds that judicial economy, as well as the need for consistency of pretrial rulings in similarly situated actions involving Zyprexa support a stay of all actions in this case pending a ruling on this action from the Eastern District of New York.

Accordingly, Eli Lilly and Company's motion to stay must be granted and this Court must defer ruling on the plaintiff's motion to remand.

### III.  Conclusion

For the reasons stated above, this Court finds that Eli Lilly and Company's motion to stay is hereby GRANTED. Accordingly, a ruling on the plaintiffs' motion to remand is hereby DEFERRED at this time.

Further, the parties shall promptly advise this Court of any ruling by Judge Weinstein regarding the omnibus motion to remand or any other matter that may affect this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:   June 21, 2007

                                                         /s/ Frederick P. Stamp, Jr.
                                                         FREDERICK P. STAMP, JR.
                                                         UNITED STATES DISTRICT JUDGE